UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATTY BASS  CIVIL ACTION

VERSUS  NO. 2:21-cv-1187

AMERICAN INTERNATIONAL LIFE ASSURANCE
COMPANY OF NEW YORK, AMERICAN INTERNATIONAL
GROUP, INC. AND UNITED STATES LIFE INSURANCE
COMPANY IN THE CITY OF NEW YORK

# COMPLAINT

The Complaint of Patty Bass respectfully alleges:

1. This is a claim for ERISA long term disability benefits and waiver of life insurance premium benefits.

2. This Court has jurisdiction and venue under 29 U.S.C. Sec. 1001, et seq.; 29 U.S.C. Sec. 1132(e)(1)(2).

3. Plaintiff, **Patty Bass**, of lawful age and a resident of Walker, Louisiana, is a plan participant and beneficiary of an ERISA plan created by her employer, AIG and an insured participant of a group disability policy issued by American General Life Insurance Company.

4. Defendant, **American International Life Assurance Company of New York ("AIG"),** is a foreign corporation, doing business in Louisiana. Upon information and belief, AIG is incorporated in New York, and its principal place of business is in the state of New York.

5. Defendant, **American International Group, Inc. ("AIG"),** is a foreign corporation, doing business in Louisiana. Upon information and belief, AIG is incorporated in New York, and its principal place of business is in the state of New York. Upon information and belief, AIG is the plan sponsor, the plan, plan administrator, and the insurer of the group long term disability plans and group life insurance plans for AIG.

1

6. Defendant, **United States Life Insurance Company in the City of New York, ("AIG")**, is a is a foreign corporation, doing business in Louisiana. Upon information and belief, AIG is incorporated in New York, and its principal place of business is in the state of New York. Upon information and belief, United States Life Insurance Company in the City of New York is the plan administrator and the insurer of the group term life insurance plan for AIG and for the group disability insurance policy.

7. AIG issued a group disability insurance policy insuring the employees of American International Group, Inc. Plaintiff is a beneficiary and insured under the policy.

8. AIG issued a group life insurance policy insuring the employees of American International Group, Inc. Plaintiff is a beneficiary and insured under the policy.

9. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 U.S.C. § 1104(a)(1).

10. Plaintiff filed a claim for disability benefits with the Plan because her medical condition precluded her from continuing to perform the duties of her job on a fulltime basis. Plaintiff suffers from debilitating pancreatitis, nausea, neuropathy, fibromyalgia, fatigue and cirrhosis of the liver. She has undergone a Whipple procedure. Plaintiff also filed a claim for life insurance waiver of premium benefits through the group life insurance policy.

11. Plaintiff last worked for American International Group on or around December 2004 as a Claims Assistant Sr.

12. Plaintiff is disabled under the terms of the disability policy issued by AIG. Plaintiff is also disable under the terms of the life insurance policy.

13. Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits.

14. Despite being out of work receiving benefits for over ten years, AIG wrongfully terminated Plaintiff's benefits she is entitled to under terms of the disability policy and life insurance policy.

15. Plaintiff appealed the denials, but AIG upheld its previous decisions.

16. AIG's denials are based on insubstantial evidence and are arbitrary and an abuse of any purported discretionary authority.

17. Plaintiff has exhausted her administrative remedies and now files this suit to reverse AIG's denial of benefits.

18. AIG administered Plaintiff's claim with an inherent and structural conflict of interest as AIG is liable to pay benefits from its own assets to Plaintiff, and each payment depletes AIG's assets.

19. Plaintiff has been denied the benefits due to her under the Plan, has suffered, and is continuing to suffer economic loss as a result.

20. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

21. Defendants' denial has required Plaintiff to hire attorneys to represent her in this matter to recover benefits due to her under the Plan.

    **WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

    1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
    2. For all reasonable attorney fees;
    3. For costs of suit; and
    4. For all other relief as the facts and law may provide.

4

        Respectfully submitted,

        <u>/s/ Reagan L. Toledano</u>
        WILLEFORD & TOLEDANO
        Reagan L. Toledano (La. 29687)
        201 St. Charles Avenue, Suite 4208
        New Orleans, Louisiana 70170
        (504) 582-1286; (f) (313) 692-5927
        Email: rtoledano@willefordlaw.com